01/23/2019 10:32:45am

**Robert A. Higgins & Associates P.C.**
8200 Camp Bowie West
Fort Worth, TX 76116

Bar Number: 24097232
Phone: (817) 924-9000

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | | |
|---|---|---|---|
| In re: **Kenneth Earl McKinney, Sr.** | **xxx-xx-8674** | § | Case No: **18-45037-ELM-13** |
| 4100 Gray Fox Drive | | § | |
| Fort Worth, TX 76123 | | § | Date: **12/26/2018** |
| | | § | |
| | | § | Chapter 13 |
| **Kendra Nacole McKinney** | **xxx-xx-6422** | | |
| 4100 Gray Fox Drive | | | |
| Fort Worth, TX 76123 | | | |

Debtor(s)

### DEBTOR'S(S') CHAPTER 13 PLAN
### (CONTAINING A MOTION FOR VALUATION)

#### DISCLOSURES

☑ This *Plan* does not contain any *Nonstandard Provisions*.

☐ This *Plan* contains *Nonstandard Provisions* listed in Section III.

☐ This *Plan* does not limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

☑ This *Plan* does limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

This *Plan* does not avoid a security interest or lien.

Language in italicized type in this *Plan* shall be as defined in the "General Order 2017-01, Standing Order Concerning Chapter 13 Cases" and as it may be superseded or amended ("General Order"). All provisions of the General Order shall apply to this *Plan* as if fully set out herein.

Page 1

| | | | | |
|---|---|---|---|---|
| Plan Payment: | **$1,119.00** | Value of Non-exempt property per § 1325(a)(4): | **$0.00** | |
| Plan Term: | **60 months** | Monthly Disposable Income per § 1325(b)(2): | **$0.00** | |
| Plan Base: | **$67,140.00** | Monthly Disposable Income x ACP ("UCP"): | **$0.00** | |
| Applicable Commitment Period: | **60 months** | | | |

01/23/2019 10:32:45am

Case No: 18-45037-ELM-13
Debtor(s): **Kenneth Earl McKinney, Sr.**
**Kendra Nacole McKinney**

---

### MOTION FOR VALUATION

Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims who do not accept the *Plan, Debtor(s)* hereby move(s) the Court to value the *Collateral* described in Section I, Part E.(1) and Part F of the *Plan* at the lesser of the value set forth therein or any value claimed on the proof of claim. Any objection to valuation shall be filed at least seven (7) days prior to the date of the *Trustee's* pre-hearing conference regarding Confirmation or shall be deemed waived.

### SECTION I
### DEBTOR'S(S') CHAPTER 13 PLAN - SPECIFIC PROVISIONS
### FORM REVISED 7/1/17

**A. PLAN PAYMENTS:**

*Debtor(s)* propose(s) to pay to the *Trustee* the sum of:

__$1,119.00__ per month, months __1__ to __60__ .

For a total of __$67,140.00__ (estimated "*Base Amount*").

First payment is due __1/25/2019__ .

The applicable commitment period ("ACP") is __60__ months.

Monthly Disposable Income ("DI") calculated by *Debtor(s)* per § 1325(b)(2) is: __$0.00__ .

The Unsecured Creditors' Pool ("UCP"), which is DI x ACP, as estimated by the Debtor(s), shall be no less than: __$0.00__ .

*Debtor's(s')* equity in non-exempt property, as estimated by *Debtor(s)* per § 1325(a)(4), shall be no less than: __$0.00__ .

**B. STATUTORY, ADMINISTRATIVE AND DSO CLAIMS:**

1. **CLERK'S FILING FEE:** Total filing fees paid through the *Plan*, if any, are __$0.00__ and shall be paid in full prior to disbursements to any other creditor.

2. **STATUTORY TRUSTEE'S PERCENTAGE FEE(S) AND NOTICING FEES:** *Trustee's Percentage Fee(s)* and any noticing fees shall be paid first out of each receipt as provided in General Order 2017-01 (as it may be superseded or amended) and 28 U.S.C. § 586(e)(1) and (2).

3. **DOMESTIC SUPPORT OBLIGATIONS:** The *Debtor* is responsible for paying any Post-petition Domestic Support Obligation directly to the DSO claimant. Pre-petition Domestic Support Obligations per Schedule "E/F" shall be paid in the following monthly payments:

| DSO CLAIMANTS | SCHED. AMOUNT | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT $__ PER MO. |
|---|---|---|---|---|
| | | | | |

**C. ATTORNEY FEES:** To __Robert A. Higgins & Associates, P.C.__ , total: __$3,700.00__ ;
__$180.00__ Pre-petition; __$3,520.00__ disbursed by the *Trustee*.

01/23/2019 10:32:45am

Case No: 18-45037-ELM-13
Debtor(s): **Kenneth Earl McKinney, Sr.**
**Kendra Nacole McKinney**

### D.(1)  PRE-PETITION MORTGAGE ARREARAGE:

| MORTGAGEE | SCHED. ARR. AMT | DATE ARR. THROUGH | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|
| | | | | | |

### D.(2)  CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY THE TRUSTEE IN A CONDUIT CASE:

| MORTGAGEE | # OF PAYMENTS PAID BY TRUSTEE | CURRENT POST-PETITION MORTGAGE PAYMENT AMOUNT | FIRST CONDUIT PAYMENT DUE DATE (MM-DD-YY) |
|---|---|---|---|
| | | | |

### D.(3)  POST-PETITION MORTGAGE ARREARAGE:

| MORTGAGEE | TOTAL AMT. | DUE DATE(S) (MM-DD-YY) | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|
| | | | | | |

### E.(1)  SECURED CREDITORS - PAID BY THE TRUSTEE:

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|---|
| **Regional Fin** **2007 Cadillac DTS (approx. 146,214 miles** | **$7,235.00** | **$4,250.00** | **5.25%** | **Month(s) 2-52** | **$94.00** |
| **Regional Fin** **2006 Suzuki** | **$6,198.00** | **$8,000.00** | **5.25%** | **Month(s) 2-52** | **$137.00** |

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | | TREATMENT Pro-rata |
|---|---|---|---|---|---|
| **Rent A Center** **Washing Machine and Dryer** | **$4,220.35** | **$2,339.22** | **0.00%** | | **Pro-Rata** |
| **United Consumer Financial Services** **Kirby Vacuum** | **$1,668.00** | **$1,668.00** | **0.00%** | | **Pro-Rata** |

To the extent the value amount in E.(1) is less than the scheduled amount in E.(1), the creditor may object. In the event a creditor objects to the treatment proposed in paragraph E.(1), the *Debtor(s)* retain(s) the right to surrender the *Collateral* to the creditor in satisfaction of the creditor's claim.

### E.(2)  SECURED 1325(a)(9) CLAIMS PAID BY THE TRUSTEE - NO CRAM DOWN:

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|
| | | | | |

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | | TREATMENT Pro-rata |
|---|---|---|---|---|
| | | | | |

The valuation of *Collateral* set out in E.(1) and the interest rate to be paid on the above scheduled claims in E.(1) and E.(2) will be finally determined at confirmation. The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

Absent any objection to the treatment described in E.(1) or E.(2), the creditor(s) listed in E.(1) and E.(2) shall be deemed to have accepted the *Plan* per section 1325(a)(5)(A) of the Bankruptcy Code and to have waived its or their rights under section 1325(a)(5)(B) and (C) of the Bankruptcy Code.

01/23/2019 10:32:45am

Case No: 18-45037-ELM-13
Debtor(s): **Kenneth Earl McKinney, Sr.**
**Kendra Nacole McKinney**

**F. SECURED CREDITORS - COLLATERAL TO BE SURRENDERED:**

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | TREATMENT |
|---|---|---|---|
| | | | |

Upon confirmation, pursuant to 11 U.S.C. § 1322(b)(8), the surrender of the *Collateral* described herein will provide for the payment of all or part of a claim against the *Debtor(s)* in the amount of the value given herein.

The valuation of *Collateral* in F will be finally determined at confirmation. The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

The *Debtor(s)* request(s) that the automatic stay be terminated as to the surrendered *Collateral*. If there is no objection to the surrender, the automatic stay shall terminate and the *Trustee* shall cease disbursements on any secured claim which is secured by the *Surrendered Collateral*, without further order of the Court, on the 7th day after the date the *Plan* is filed. However, the stay shall not be terminated if the *Trustee* or affected secured lender files an objection in compliance with paragraph 8 of the General Order until such objection is resolved.

Nothing in this *Plan* shall be deemed to abrogate any applicable non-bankruptcy statutory or contractual rights of the *Debtor(s)*.

**G. SECURED CREDITORS - PAID DIRECT BY DEBTOR:**

| CREDITOR | COLLATERAL | SCHED. AMT. |
|---|---|---|
| | | |

**H. PRIORITY CREDITORS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:**

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
| **Internal Revenue Service** | **$41,000.00** | **Month(s) 1-60** | **Pro-Rata** |

**I. SPECIAL CLASS:**

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
| | | | |

JUSTIFICATION: _____

**J. UNSECURED CREDITORS:**

| CREDITOR | SCHED. AMT. | COMMENT |
|---|---|---|
| **Aargon Agency** | **$6,663.00** | |
| **Belmont Finance LLC** | **$7,048.00** | |
| **Commonwealth Financial Systems** | **$328.00** | |
| **Conn's HomePlus** | **$2,111.00** | |
| **Credit Management Control** | **$212.00** | |
| **Credit One Bank** | **$400.00** | |
| **Credit One Bank** | **$368.00** | |
| **Credit Systems International, Inc** | **$34.00** | |
| **Credit Systems International, Inc** | **$157.00** | |
| **Credit Systems International, Inc** | **$22.00** | |
| **Credit Systems International, Inc** | **$684.00** | |
| **Credit Systems International, Inc** | **$63.00** | |
| **Credit Systems International, Inc** | **$48.00** | |
| **Credit Systems International, Inc** | **$131.00** | |

01/23/2019 10:32:45am

Case No:   18-45037-ELM-13
Debtor(s):   **Kenneth Earl McKinney, Sr.**
             **Kendra Nacole McKinney**

| | | |
|---|---|---|
| Credit Systems International, Inc | $49.00 | |
| Credit Systems International, Inc | $138.00 | |
| Debt Recovery Solution | $933.00 | |
| Debt Recovery Solution | $2,824.00 | |
| Dept of Ed / Navient | $7,286.00 | |
| Dept of Ed / Navient | $6,263.00 | |
| Dept of Ed / Navient | $2,145.00 | |
| Dept of Ed / Navient | $5,269.00 | |
| Dept of Ed / Navient | $3,462.00 | |
| Dept of Ed / Navient | $2,218.00 | |
| Dept of Ed / Navient | $3,769.00 | |
| Dept of Ed / Navient | $3,616.00 | |
| Dept of Ed / Navient | $3,255.00 | |
| Dept of Ed / Navient | $4,473.00 | |
| Dept of Ed / Navient | $3,075.00 | |
| Dept of Ed / Navient | $3,558.00 | |
| Dept of Ed / Navient | $3,147.00 | |
| Diversified Consultants, Inc. | $816.00 | |
| Edc/fortune Real Prop | $1,300.00 | |
| ERC/Enhanced Recovery Corp | $2,247.00 | |
| ERC/Enhanced Recovery Corp | $456.00 | |
| Fingerhut | $491.00 | |
| I C System Inc | $56.00 | |
| I C System Inc | $318.00 | |
| I C System Inc | $483.00 | |
| I C System Inc | $368.00 | |
| Link Debt Recovery | $1,021.00 | |
| Link Debt Recovery | $188.00 | |
| Link Debt Recovery | $331.00 | |
| National Credit Adjusters, LLC | $1,987.00 | |
| Navient | $6,328.00 | |
| Navient | $4,281.00 | |
| Navient | $6,428.00 | |
| Navient | $3,211.00 | |
| Pentagon Federal Cr Un | $695.00 | |
| Pentagon Federal Cr Un | $1,020.00 | |
| Phoenix Financial Services. Llc | $432.00 | |
| Regional Fin | $2,985.00 | Unsecured portion of the secured debt (Bifurcated) |
| Rent A Center | $1,881.13 | Unsecured portion of the secured debt (Bifurcated) |
| Rfc 502 | $7,728.00 | |
| Rfc 502 | $5,315.00 | |
| RS Clark & Associates | $1,097.00 | |
| Santander Consumer USA | $15,320.00 | |
| Synchrony Bank/Care Credit | $508.00 | |
| Synerprise Consulting Services, Inc | $203.00 | |

01/23/2019 10:32:45am

Case No:    18-45037-ELM-13
Debtor(s):   **Kenneth Earl McKinney, Sr.**
             **Kendra Nacole McKinney**

| | |
|---|---|
| **Tri-valley Service Fcu** | **$2,334.00** |
| **United Revenue Corp** | **$284.00** |
| **United Revenue Corp** | **$284.00** |
| **World Finance Corporat** | **$1,958.00** |
| **World Finance Corporat** | **$1,120.00** |
| TOTAL SCHEDULED UNSECURED: | **$147,223.13** |

The *Debtor's(s')* estimated (but not guaranteed) payout to unsecured creditors based on the scheduled amount is _____**0%**_____.

General unsecured claims will not receive any payment until after the order approving the TRCC becomes final.

**K.  EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**

| § 365 PARTY | ASSUME/REJECT | CURE AMOUNT | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|
| **Fortune Real Property** | **Assumed** | **$0.00** | | |
| **Rent A Center** | **Assumed** | **$0.00** | | |

**SECTION II**
**DEBTOR'S(S') CHAPTER 13 PLAN - GENERAL PROVISIONS**
**FORM REVISED 7/1/17**

**A.  SUBMISSION OF DISPOSABLE INCOME:**

*Debtor(s)* hereby submit(s) future earnings or other future income to the *Trustee* to pay the *Base Amount*.

**B.  ADMINISTRATIVE EXPENSES, DSO CLAIMS & PAYMENT OF TRUSTEE'S STATUTORY PERCENTAGE FEE(S) AND NOTICING FEES:**

The Statutory Percentage Fees of the *Trustee* shall be paid in full pursuant to 11 U.S.C. §§ 105(a), 1326(b)(2), and 28 U.S.C. § 586(e)(1)(B).  The *Trustee* is authorized to charge and collect Noticing Fees as indicated in Section I, Part "B" hereof.

**C.  ATTORNEY FEES:**

*Debtor's(s')* Attorney Fees totaling the amount indicated in Section I, Part C, shall be disbursed by the *Trustee* in the amount shown as "Disbursed By The Trustee" pursuant to this *Plan* and the *Debtor's(s')* Authorization for Adequate Protection Disbursements ("*AAPD*"), if filed.

**D.(1)  PRE-PETITION MORTGAGE ARREARAGE:**

The Pre-Petition *Mortgage Arrearage* shall be paid by the *Trustee* in the allowed pre-petition arrearage amount and at the rate of interest indicated in Section I, Part D.(1).  To the extent interest is provided, it will be calculated from the date of the Petition.  The principal balance owing upon confirmation of the *Plan* on the allowed pre-petition *Mortgage Arrearage* amount shall be reduced by the total adequate protection less any interest (if applicable) paid to the creditor by the *Trustee*.  Such creditors shall retain their liens.

**D.(2)  CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY TRUSTEE IN A CONDUIT CASE:**

*Current Post-Petition Mortgage Payment(s)* shall be paid by the *Trustee* as indicated in Section I, Part D.(2), or as otherwise provided in the General Order.

The *Current Post-Petition Mortgage Payment(s)* indicated in Section I, Part D.(2) reflects what the *Debtor(s)* believe(s) is/are the periodic payment amounts owed to the *Mortgage Lender* as of the date of the filing of this *Plan*.  Adjustment of the *Plan Payment* and *Base Amount* shall be calculated as set out in the General Order, paragraph 15(c)(3).

Payments received by the *Trustee* for payment of the *Debtor's Current Post-Petition Mortgage Payment(s)* shall be deemed adequate protection to the creditor.

Upon completion of the *Plan, Debtor(s)* shall resume making the *Current Post-Petition Mortgage Payments* required by their contract on the due date following the date specified in the *Trustee's* records as the date through which the *Trustee* made the last *Current Post-Petition Mortgage Payment*.

Case No:  18-45037-ELM-13
Debtor(s):  **Kenneth Earl McKinney, Sr.**
**Kendra Nacole McKinney**

---

Unless otherwise ordered by the Court, and subject to Bankruptcy Rule 3002.1(f)-(h), if a *Conduit Debtor* is current on his/her *Plan Payments* or the payment(s) due pursuant to any wage directive, the *Mortgage Lender* shall be deemed current post-petition.

#### D.(3) POST-PETITION MORTGAGE ARREARAGE:

The *Post-Petition Mortgage Arrearage* shall be paid by the *Trustee* in the allowed amount and at the rate of interest indicated in Section I, Part D.(3). To the extent interest is provided, it will be calculated from the date of the Petition.

*Mortgage Lenders* shall retain their liens.

#### E.(1) SECURED CLAIMS TO BE PAID BY TRUSTEE:

The claims listed in Section I, Part E.(1) shall be paid by the *Trustee* as secured to the extent of the lesser of the allowed claim amount (per a timely filed Proof of Claim not objected to by a party in interest) or the value of the *Collateral* as stated in the *Plan*. Any amount claimed in excess of the value of the value shall automatically be split and treated as unsecured as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a). Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(1) as set out in 11 U.S.C. § 1325(a)(5)(B)(I) and shall receive interest at the rate indicated from the date of confirmation or, if the value shown is greater than the allowed claim amount, from the date of the Petition, up to the amount by which the claim is over-secured. The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments less any interest (if applicable) paid to the creditor by the *Trustee*.

#### E.(2) SECURED 1325(a)(9) CLAIMS TO BE PAID BY THE TRUSTEE--NO CRAM DOWN:

Claims in Section I, Part E.(2) are either debts incurred within 910 days of the *Petition Date* secured by a purchase money security interest in a motor vehicle acquired for the personal use of the *Debtor(s)* or debts incurred within one year of the *Petition Date* secured by any other thing of value.

The claims listed in Section I, Part E.(2) shall be paid by the *Trustee* as fully secured to the extent of the allowed amount (per a timely filed Proof of Claim not objected to by a party in interest). Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(2) until the earlier of the payment of the underlying debt determined under non-bankruptcy law or a discharge under § 1328 and shall receive interest at the rate indicated from the date of confirmation. The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments paid to the creditor by the *Trustee*.

To the extent a secured claim not provided for in Section I, Part D, E.(1) or E.(2) is allowed by the Court, *Debtor(s)* will pay the claim direct per the contract or statute.

Each secured claim shall constitute a separate class.

#### F. SATISFACTION OF CLAIM BY SURRENDER OF COLLATERAL:

The claims listed in Section I, Part F shall be satisfied as secured to the extent of the value of the *Collateral*, as stated in the *Plan*, by surrender of the *Collateral* by the *Debtor(s)* on or before confirmation. Any amount claimed in excess of the value of the *Collateral*, to the extent it is allowed, shall be automatically split and treated as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a).

Each secured claim shall constitute a separate class.

#### G. DIRECT PAYMENTS BY DEBTOR(S):

Payments on all secured claims listed in Section I, Part G shall be disbursed by the *Debtor(s)* to the claimant in accordance with the terms of their agreement or any applicable statute, unless otherwise provided in Section III, "Nonstandard Provisions."

No direct payment to the IRS from future income or earnings in accordance with 11 U.S.C. § 1322(a)(1) will be permitted.

Each secured claim shall constitute a separate class.

#### H. PRIORITY CLAIMS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:

Failure to object to confirmation of this *Plan* shall not be deemed acceptance of the "SCHED. AMT." shown in Section I, Part H. The claims listed in Section I, Part H shall be paid their allowed amount by the *Trustee*, in full, pro-rata, as priority claims, without interest.

#### I. CLASSIFIED UNSECURED CLAIMS:

Classified unsecured claims shall be treated as allowed by the Court.

01/23/2019 10:32:45am

Case No: 18-45037-ELM-13
Debtor(s): **Kenneth Earl McKinney, Sr.**
**Kendra Nacole McKinney**

## J. GENERAL UNSECURED CLAIMS TIMELY FILED:

All other allowed claims not otherwise provided for herein shall be designated general unsecured claims.

## K. EXECUTORY CONTRACTS AND UNEXPIRED LEASES:

As provided in § 1322(b)(7) of the Bankruptcy Code, the *Debtor(s)* assume(s) or reject(s) the executory contracts or unexpired leases with parties as indicated in Section I, Part K.

Assumed lease and executory contract arrearage amounts shall be disbursed by the *Trustee* as indicated in Section I, Part K.

## L. CLAIMS TO BE PAID:

"TERM (APPROXIMATE)" as used in this *Plan* states the estimated number of months from the *Petition Date* required to fully pay the allowed claim. If adequate protection payments have been authorized and made, they will be applied to principal as to both under-secured and fully secured claims and allocated between interest and principal as to over-secured claims. Payment pursuant to this *Plan* will only be made on statutory, secured, administrative, priority and unsecured claims that are allowed or, pre-confirmation, that the *Debtor(s)* has/have authorized in a filed Authorization for Adequate Protection Disbursements.

## M. ADDITIONAL PLAN PROVISIONS:

Any additional *Plan* provisions shall be set out in Section III, "Nonstandard Provisions."

## N. POST-PETITION NON-ESCROWED AD VALOREM (PROPERTY) TAXES AND INSURANCE:

Whether the *Debtor* is a *Conduit Debtor* or not, if the regular payment made by the *Debtor* to a *Mortgage Lender* or any other lienholder secured by real property does not include an escrow for the payment of ad valorem (property) taxes or insurance, the *Debtor* is responsible for the timely payment of post-petition taxes directly to the tax assessor and is responsible for maintaining property insurance as required by the mortgage security agreement, paying all premiums as they become due directly to the insurer. If the *Debtor* fails to make these payments, the mortgage holder may, but is not required to, pay the taxes and/or the insurance. If the mortgage holder pays the taxes and/or insurance, the mortgage holder may file, as appropriate, a motion for reimbursement of the amount paid as an administrative claim or a *Notice of Payment Change by Mortgage Lender* or a *Notice of Fees, Expenses, and Charges*.

## O. CLAIMS NOT FILED:

A claim not filed with the Court will not be paid by the *Trustee* post-confirmation regardless of its treatment in Section I or on the *AAPD*.

## P. CLAIMS FOR PRE-PETITION NON-PECUNIARY PENALTIES, FINES, FORFEITURES, MULTIPLE, EXEMPLARY OR PUNITIVE DAMAGES:

Any unsecured claim for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims, shall be paid only a pro-rata share of any funds remaining after all other unsecured claims, including late filed claims, have been paid in full.

## Q. CLAIMS FOR POST-PETITION PENALTIES AND INTEREST:

No interest, penalty, or additional charge shall be allowed on any pre-petition claims subsequent to the filing of the petition, unless expressly provided herein.

## R. BUSINESS CASE OPERATING REPORTS:

Upon the filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report, business *Debtors* are no longer required to file operating reports with the *Trustee*, unless the *Trustee* requests otherwise. The filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report shall terminate the *Trustee's* duties but not the *Trustee's* right to investigate or monitor the *Debtor's(s')* business affairs, assets or liabilities.

## S. NO TRUSTEE'S LIABILITY FOR DEBTOR'S POST-CONFIRMATION OPERATION AND BAR DATE FOR CLAIMS FOR PRE-CONFIRMATION OPERATIONS:

The *Trustee* shall not be liable for any claim arising from the post-confirmation operation of the *Debtor's(s')* business. Any claims against the *Trustee* arising from the pre-confirmation operation of the *Debtor's(s')* business must be filed with the Bankruptcy Court within sixty (60) days after entry by the Bankruptcy Court of the Order of Confirmation or be barred.

01/23/2019 10:32:45am

Case No: 18-45037-ELM-13
Debtor(s): **Kenneth Earl McKinney, Sr.**
**Kendra Nacole McKinney**

**T. DISPOSAL OF DEBTOR'S NON-EXEMPT PROPERTY; RE-VESTING OF PROPERTY; NON-LIABILITY OF TRUSTEE FOR PROPERTY IN POSSESSION OF DEBTOR WHERE DEBTOR HAS EXCLUSIVE RIGHT TO USE, SELL, OR LEASE IT; AND TRUSTEE PAYMENTS UPON POST CONFIRMATION CONVERSION OR DISMISSAL:**

*Debtor(s)* shall not dispose of or encumber any non-exempt property or release or settle any lawsuit or claim by *Debtor(s)*, prior to discharge, without consent of the *Trustee* or order of the Court after notice to the *Trustee* and all creditors.

Property of the estate shall not vest in the *Debtor* until such time as a discharge is granted or the *Case* is dismissed or closed without discharge. Vesting shall be subject to all liens and encumbrances in existence when the *Case* was filed and all valid post-petition liens, except those liens avoided by court order or extinguished by operation of law. In the event the *Case* is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the *Plan*, the *Trustee* shall have no further authority, fiduciary duty or liability regarding the use, sale, insurance of or refinance of property of the estate except to respond to any motion for the proposed use, sale, or refinance of such property as required by the applicable laws and/or rules. Prior to any discharge or dismissal, the *Debtor(s)* must seek approval of the court to purchase, sell, or refinance real property.

Upon dismissal of the *Case* post confirmation, the *Trustee* shall disburse all funds on hand in accordance with this *Plan*. Upon conversion of the *Case*, any balance on hand will be disbursed by the *Trustee* in accordance with applicable law.

**U. ORDER OF PAYMENT:**

Unless otherwise ordered by the court, all claims and other disbursements made by the Chapter 13 *Trustee* after the entry of an order confirming the Chapter 13 Plan, whether pursuant to this *Plan* or a modification thereof, will be paid in the order set out below, to the extent a creditor's claim is allowed or the disbursement is otherwise authorized. Each numbered paragraph below is a level of payment. All disbursements which are in a specified monthly amount are referred to as "per mo." At the time of any disbursement, if there are insufficient funds on hand to pay any per mo payment in full, claimant(s) with a higher level of payment shall be paid any unpaid balance owed on a per mo payment plus the current per mo payment owed to that same claimant, in full, before any disbursement to a claimant with a lower level of payment. If multiple claimants are scheduled to receive per mo payments within the same level of payment and there are insufficient funds to make those payments in full, available funds will be disbursed to the claimants within that level on a pro-rata basis. Claimants with a higher level of payment which are designated as receiving pro-rata payments shall be paid, in full, before any disbursements are made to any claimant with a lower level of payment.

1st -- Clerk's Filing Fee and Trustee's Percentage Fee(s) and Noticing Fees in B.(1) and B.(2) and per statutory provisions will be paid in full.

2nd -- Current Post-Petition Mortgage Payments (Conduit) in D.(2) and as adjusted according to the General Order, which must be designated to be paid per mo.

3rd -- Creditors listed in E.(1)(A) and E.(2)(A), which must be designated to be paid per mo, and Domestic Support Obligations ("DSO") in B.(3), which must be designated to be paid per mo.

4th -- Attorney Fees in C, which must be designated to be paid pro-rata.

5th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid per mo.

6th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid pro-rata.

7th -- Arrearages owed on Executory Contracts and Unexpired Leases in K, which must be designated to be paid per mo.

8th -- Any Creditors listed in D.(1), if designated to be paid per mo.

9th -- Any Creditors listed in D.(1), if designated to be paid pro-rata and/or Creditors listed in E.(1)(B) or E.(2)(B), which must be designated to be paid pro-rata.

10th -- All amounts allowed pursuant to a *Notice of Fees, Expenses and Charges*, which will be paid pro-rata.

11th -- Priority Creditors Other than Domestic Support Obligations ("Priority Creditors") in H, which must be designated to be paid pro-rata.

01/23/2019 10:32:45am

Case No:    18-45037-ELM-13
Debtor(s):  **Kenneth Earl McKinney, Sr.**
            **Kendra Nacole McKinney**

---

12th -- Special Class in I, which must be designated to be paid per mo.

13th -- Unsecured Creditors in J, other than late filed or penalty claims, which must be designated to be paid pro-rata.

14th -- Late filed claims by Secured Creditors in D.(1), D.(2), D.(3), E.(1) and E.(2), which must be designated to be paid pro-rata, unless other treatment is authorized by the Court.

15th -- Late filed claims for DSO or filed by Priority Creditors in B.(3) and H, which must be designated to be paid pro-rata.

16th -- Late filed claims by Unsecured Creditors in J, which must be designated to be paid pro-rata.

17th -- Unsecured claims for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims. These claims must be designated to be paid pro-rata.

### V.   POST-PETITION CLAIMS:

Claims filed under § 1305 of the Bankruptcy Code shall be paid as allowed. To the extent necessary, *Debtor(s)* will modify this *Plan*.

### W.   TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS ("TRCC") PROCEDURE:

See the provisions of the General Order regarding this procedure.

01/23/2019 10:32:45am

Case No:   18-45037-ELM-13
Debtor(s): **Kenneth Earl McKinney, Sr.**
           **Kendra Nacole McKinney**

## SECTION III
## NONSTANDARD PROVISIONS

The following nonstandard provisions, if any, constitute terms of this *Plan*. Any nonstandard provision placed elsewhere in the *Plan* is void.

**None.**

I, the undersigned, hereby certify that the *Plan* contains no nonstandard provisions other than those set out in this final paragraph.

**/s/ Vince M. Vela**
Vince M. Vela, Debtor's(s') Attorney                         Debtor (if unrepresented by an attorney)

Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) is respectfully submitted.

**/s/ Vince M. Vela**                                        **24097232**
Vince M. Vela, Debtor's(s') Counsel                          State Bar Number

01/23/2019 10:32:45am

Case No:   18-45037-ELM-13
Debtor(s):  **Kenneth Earl McKinney, Sr.**
            **Kendra Nacole McKinney**

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) was served on the following entities either by Electronic Service or by First Class Mail, Postage Pre-paid on the __**23rd day of January, 2019**__ :

(List each party served, specifying the name and address of each party)

Dated: _____**January 23, 2019**_____          **/s/ Vince M. Vela**_____
                                                          Vince M. Vela, Debtor's(s') Counsel

| | | |
|---|---|---|
| Aargon Agency<br>xxxxxx0165<br>Attn: Bankruptcy Department<br>8668 Spring Mountain Rd<br>Las Vegas, NV 89117 | Credit One Bank<br>xxxxxxxxxxxx7020<br>ATTN: Bankruptcy<br>PO Box 98873<br>Las Vegas, NV 89193 | Credit Systems International, Inc<br>xxxxx6669<br>Attn: Bankruptcy<br>PO Box 1088<br>Arlington, TX 76004 |
| Belmont Finance LLC<br>xxxxxx2624<br>Attn: Bankruptcy<br>PO Box 152<br>Waupaca, WI 54981 | Credit Systems International, Inc<br>xxxxx5420<br>Attn: Bankruptcy<br>PO Box 1088<br>Arlington, TX 76004 | Credit Systems International, Inc<br>xxxxx3926<br>Attn: Bankruptcy<br>PO Box 1088<br>Arlington, TX 76004 |
| Commonwealth Financial Systems<br>xxxxxxx25N1<br>Attn: Bankruptcy<br>245 Main Street<br>Dickson City, PA 18519 | Credit Systems International, Inc<br>xxxxx5421<br>Attn: Bankruptcy<br>PO Box 1088<br>Arlington, TX 76004 | Credit Systems International, Inc<br>xxxxx3927<br>Attn: Bankruptcy<br>PO Box 1088<br>Arlington, TX 76004 |
| Conn's HomePlus<br>xxxxx4230<br>Attn: Bankruptcy<br>PO Box 2358<br>Beaumont, TX 77704 | Credit Systems International, Inc<br>xxxxx5214<br>Attn: Bankruptcy<br>PO Box 1088<br>Arlington, TX 76004 | Credit Systems International, Inc<br>xxxxx1587<br>Attn: Bankruptcy<br>PO Box 1088<br>Arlington, TX 76004 |
| Credit Management Control<br>xxx1923<br>Attn: Bankruptcy<br>PO Box 1654<br>Green Bay, WI 54305 | Credit Systems International, Inc<br>xxxxx1021<br>Attn: Bankruptcy<br>PO Box 1088<br>Arlington, TX 76004 | Debt Recovery Solution<br>xxxxxxxxxxxx0916<br>Attn: Bankruptcy<br>PO Box 9003<br>Syosset, NY 11791 |
| Credit One Bank<br>xxxxxxxxxxxx5517<br>ATTN: Bankruptcy<br>PO Box 98873<br>Las Vegas, NV 89193 | Credit Systems International, Inc<br>xxxxx1248<br>Attn: Bankruptcy<br>PO Box 1088<br>Arlington, TX 76004 | Debt Recovery Solution<br>xxxxxxxxxxxx0917<br>Attn: Bankruptcy<br>PO Box 9003<br>Syosset, NY 11791 |

01/23/2019 10:32:45am

Case No:   18-45037-ELM-13
Debtor(s):   **Kenneth Earl McKinney, Sr.**
             **Kendra Nacole McKinney**

---

Dept of Ed / Navient
xxxxxxxxxxxxxxxxxxxx0917
Attn: Claims Dept
PO Box 9635
Wilkes Barr, PA 18773

Edc/fortune Real Prop
xxxxxxxxxxxxxxxxxxxx0635
7810 N College Cir
North Richland Hills, TX 76180

I C System Inc
xxxxxxx4001
Attn: Bankruptcy
PO Box 64378
St Paul, MN 55164


Dept of Ed / Navient
xxxxxxxxxxxxxxxxxxxx0131
Attn: Claims Dept
PO Box 9635
Wilkes Barr, PA 18773

ERC/Enhanced Recovery Corp
xxxxx8097
Attn: Bankruptcy
8014 Bayberry Road
Jacksonville, FL 32256

Internal Revenue Service
Centalized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101


Dept of Ed / Navient
xxxxxxxxxxxxxxxxxxxx1209
Attn: Claims Dept
PO Box 9635
Wilkes Barr, PA 18773

ERC/Enhanced Recovery Corp
xxxxx1966
Attn: Bankruptcy
8014 Bayberry Road
Jacksonville, FL 32256

Internal Revenue Service
Special Procedures, RM 9A20
1100 Commerce Street 5024 DAL
Dallas, TX 75242


Dept of Ed / Navient
xxxxxxxxxxxxxxxxxxxx0916
Attn: Claims Dept
PO Box 9635
Wilkes Barr, PA 18773

Fingerhut
xxxxxxxxxxxx3646
Attn: Bankruptcy
PO Box 1250
Saint Cloud, MN 56395

Kenneth Earl McKinney, Sr.
4100 Gray Fox Drive
Fort Worth, TX 76123


Dept of Ed / Navient
xxxxxxxxxxxxxxxxxxxx0127
Attn: Claims Dept
PO Box 9635
Wilkes Barr, PA 18773

Fortune Real Property
7560 Glenview Dr. #102
North Richland Hills, TX 76180

Link Debt Recovery
xx3862
Attn: Bankruptcy Dept
9543 South 700 East Suite 200
Sandy, UT 84070


Dept of Ed / Navient
xxxxxxxxxxxxxxxxxxxx0915
Attn: Claims Dept
PO Box 9635
Wilkes Barr, PA 18773

I C System Inc
xxxx3713
Attn: Bankruptcy
PO Box 64378
St Paul, MN 55164

Link Debt Recovery
xx2118
Attn: Bankruptcy Dept
9543 South 700 East Suite 200
Sandy, UT 84070


Dept of Ed / Navient
xxxxxxxxxxxxxxxxxxxx0527
Attn: Claims Dept
PO Box 9635
Wilkes Barr, PA 18773

I C System Inc
xxxx5275
Attn: Bankruptcy
P.O. Box 64378
St. Paul, MN 55164

Link Debt Recovery
xx1531
Attn: Bankruptcy Dept
9543 South 700 East Suite 200
Sandy, UT 84070


Diversified Consultants, Inc.
xxxx6660
Attn: Bankruptcy
PO Box 551268
Jacksonville, FL 32255

I C System Inc
xxxx3467
Attn: Bankruptcy
PO Box 64378
St Paul, MN 55164

National Credit Adjusters, LLC
xxxxxx8319
327 W 4th Ave.
PO Box 3023
Hutchinson, KS 67504

Case No:   18-45037-ELM-13
Debtor(s):   **Kenneth Earl McKinney, Sr.**
   **Kendra Nacole McKinney**

| | | |
|---|---|---|
| Navient<br>xxxxxxxxxxxxxxxxxx0607<br>Attn: Bankruptcy<br>PO Box 9000<br>Wiles-Barr, PA 18773 | Rfc 502<br>xxxxxx2109<br>1518 Pennsylvania Avenue<br>Fort Worth, TX 76104 | United Consumer Financial Services<br>xxxx2315<br>Attn: Bankruptcy<br>PO Box 856290<br>Louisville, KY 40285 |
| Navient<br>xxxxxxxxxxxxxxxxxx1229<br>Attn: Bankruptcy<br>PO Box 9000<br>Wiles-Barr, PA 18773 | Rfc 502<br>xxxxxx0093<br>1518 Pennsylvania Avenue<br>Fort Worth, TX 76104 | United Revenue Corp<br>xxx6892<br>204 Billings St<br>Suite 120<br>Arlington, TX 76010 |
| Pentagon Federal Cr Un<br>xxxx6011<br>Attention: Bankruptcy<br>2930 Eisenhower Ave<br>Alexandra, VA 22314 | RS Clark & Associates<br>xxxxxxxxxxx2074<br>12990 Pandora Drive<br>Suite 150<br>Dallas, TX 75238 | United Revenue Corp<br>xxx4394<br>204 Billings St<br>Suite 120<br>Arlington, TX 76010 |
| Pentagon Federal Cr Un<br>xxxx9156<br>Attention: Bankruptcy<br>2930 Eisenhower Ave<br>Alexandra, VA 22314 | Santander Consumer USA<br>xxxxxxxxxxxx1000<br>Attn: Bankruptcy<br>PO Box 961245<br>Fort Worth, TX 76161 | Westcreek Fi<br>xxxx74X1<br>4951 Lake Brook Dr<br>Glen Allen, VA 23060 |
| Phoenix Financial Services. Llc<br>xxxx1459<br>PO Box 361450<br>Indianapolis, IN 46236 | Synchrony Bank/Care Credit<br>xxxxxxxxxxx3984<br>Attn:  Bankruptcy Dept<br>PO Box 965061<br>Orlando, FL 32896 | World Finance Corporat<br>xxxxxxxx2701<br>108 Frederick St<br>Greenville, SC 29607 |
| Regional Fin<br>xxxxx2658<br>1518 Pennsylvania Avenue<br>Fort Worth, TX 76104 | Synerprise Consulting Services, Inc<br>xxxx1479<br>Attn: Bankruptcy<br>5651 Broadmoor St<br>Mission, KS 66202 | World Finance Corporat<br>xxxxxxxx2601<br>108 Frederick St<br>Greenville, SC 29607 |
| Regional Fin<br>xxxxx3151<br>1518 Pennsylvania Avenue<br>Fort Worth, TX 76104 | Tim Truman<br>6851 NE Loop 820, Suite 300<br>N. Richland Hills, TX 76180 | |
| Rent A Center<br>6730 Camp Bowie Blvd<br>Fort Worth, TX 76116 | Tri-valley Service Fcu<br>xxxxxxxxxxx1001<br>1920 Cochran Rd<br>Pittsburgh, PA 15220 | |

Label Matrix for local noticing
0539-4
Case 18-45037-elm13
Northern District of Texas
Ft. Worth
Wed Jan 23 10:45:15 CST 2019

Synchrony Bank
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

501 W. Tenth Street
Fort Worth, TX 76102-3637

Aargon Agency
Attn: Bankruptcy Department
8668 Spring Mountain Rd
Las Vegas, NV 89117-4132

Belmont Finance LLC
Attn: Bankruptcy
PO Box 152
Waupaca, WI 54981-0152

Cavalry SPV I, LLC
500 Summit Lake Drive, Ste 400
Valhalla, NY 10595-2321

Commonwealth Financial Systems
Attn: Bankruptcy
245 Main Street
Dickson City, PA 18519-1641

Conns HomePlus
Attn: Bankruptcy
PO Box 2358
Beaumont, TX 77704-2358

Credit Management Control
Attn: Bankruptcy
PO Box 1654
Green Bay, WI 54305-1654

Credit One Bank
ATTN: Bankruptcy
PO Box 98873
Las Vegas, NV 89193-8873

Credit Systems International, Inc
Attn: Bankruptcy
PO Box 1088
Arlington, TX 76004-1088

Debt Recovery Solution
Attn: Bankruptcy
PO Box 9003
Syosset, NY 11791-9003

Dept of Ed - Navient
Attn: Claims Dept
PO Box 9635
Wilkes Barr, PA 18773-9635

Diversified Consultants, Inc.
Attn: Bankruptcy
PO Box 551268
Jacksonville, FL 32255-1268

ERC-Enhanced Recovery Corp
Attn: Bankruptcy
8014 Bayberry Road
Jacksonville, FL 32256-7412

Edc-fortune Real Prop
7810 N College Cir
North Richland Hills, TX 76180-6248

Fingerhut
Attn: Bankruptcy
PO Box 1250
Saint Cloud, MN 56395-1250

Fortune Real Property
7560 Glenview Dr. #102
North Richland Hills, TX 76180-8374

I C System Inc
Attn: Bankruptcy
P.O. Box 64378
St. Paul, MN 55164-0378

Internal Revenue Service
Centalized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
Special Procedures, RM 9A20
1100 Commerce Street 5024 DAL
Dallas, TX 75242-1100

Link Debt Recovery
Attn: Bankruptcy Dept
9543 South 700 East Suite 200
Sandy, UT 84070-3496

National Credit Adjusters, LLC
327 W 4th Ave.
PO Box 3023
Hutchinson, KS 67504-3023

Navient
Attn: Bankruptcy
PO Box 9000
Wiles-Barr, PA 18773-9000

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

Pentagon Federal Cr Un
Attention: Bankruptcy
2930 Eisenhower Ave
Alexandra, VA 22314-4557

Phoenix Financial Services. Llc
PO Box 361450
Indianapolis, IN 46236-1450

Pinnacle Credit Services, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

REGIONAL MANAGEMENT CORPORATION
979 BATESVILLE ROAD STE B
GREER SC 29651-6819

RS Clark & Associates
12990 Pandora Drive
Suite 150
Dallas, TX 75238-5256

Regional Fin
1518 Pennsylvania Avenue
Fort Worth, TX 76104-2027

Rent A Center
6730 Camp Bowie Blvd
Fort Worth, TX 76116-7113

Rfc 502
1518 Pennsylvania Avenue
Fort Worth, TX 76104-2027


Robert A. Higgins & Associates, P.C.
8200 Camp Bowie West Blvd.
Fort Worth, TX 76116-6321

Santander Consumer USA
Attn: Bankruptcy
PO Box 961245
Fort Worth, TX 76161-0244

Santander Consumer USA Inc.
PO Box 560284
Dallas, TX 75356-0284


Synchrony Bank-Care Credit
Attn:  Bankruptcy Dept
PO Box 965061
Orlando, FL 32896-5061

Synerprise Consulting Services, Inc
Attn: Bankruptcy
5651 Broadmoor St
Mission, KS 66202-2407

Tri-valley Service Fcu
1920 Cochran Rd
Pittsburgh, PA 15220-1101


United Consumer Financial Services
Attn: Bankruptcy
PO Box 856290
Louisville, KY 40285-6290

United Revenue Corp
204 Billings St
Suite 120
Arlington, TX 76010-2495

United States Trustee
1100 Commerce Street
Room 976
Dallas, TX   75242-0996


West Creek
4951 Lake Brook Drive Suite 350
Glen Allen, VA 23060-9274

Westcreek Fi
4951 Lake Brook Dr
Glen Allen, VA 23060-9279

World Finance Corporat
108 Frederick St
Greenville, SC 29607-2532


Kendra Nacole McKinney
4100 Gray Fox Drive
Fort Worth, TX 76123-2541

Kenneth Earl McKinney Sr.
4100 Gray Fox Drive
Fort Worth, TX 76123-2541

Tim Truman
6851 N.E. Loop 820, Suite 300
N Richland Hills, TX 76180-6608


Vince Michael Vela
Robert A. Higgins & Associates, P.C.
8200 Camp Bowie West Boulevard
Fort Worth, TX 76116-6321



The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(d)I C System Inc
Attn: Bankruptcy
PO Box 64378
St Paul, MN 55164-0378

End of Label Matrix
Mailable recipients    48
Bypassed recipients     1
Total                  49

01/23/2019 10:32:47am

**Robert A. Higgins & Associates P.C.**
8200 Camp Bowie West
Fort Worth, TX 76116

Bar Number: **24097232**
Phone: **(817) 924-9000**

### IN THE UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION
Revised 10/1/2016

| | | | |
|---|---|---|---|
| IN RE: **Kenneth Earl McKinney, Sr.** | **xxx-xx-8674** | § | CASE NO: **18-45037-ELM-13** |
| 4100 Gray Fox Drive | | § | |
| Fort Worth, TX 76123 | | § | |
| | | § | |
| | | § | |
| **Kendra Nacole McKinney** | **xxx-xx-6422** | | |
| 4100 Gray Fox Drive | | | |
| Fort Worth, TX 76123 | | | |

Debtor(s)

## AUTHORIZATION FOR ADEQUATE PROTECTION DISBURSEMENTS    DATED: 12/26/2018

The undersigned Debtor(s) hereby request that payments received by the Trustee prior to confirmation be disbursed as indicated below:

| | | |
|---|---|---|
| Periodic Payment Amount | | **$1,119.00** |
| Disbursements | First (1) | Second (2) (Other) |
| Account Balance Reserve | $5.00 | $5.00 carried forward |
| Trustee Percentage Fee | $111.40 | $111.90 |
| Filing Fee | $0.00 | $0.00 |
| Noticing Fee | $73.50 | $0.00 |
| **Subtotal Expenses/Fees** | **$189.90** | **$111.90** |
| Available for payment of Adequate Protection, Attorney Fees and Current Post-Petition Mortgage Payments: | **$929.10** | **$1,007.10** |

### CREDITORS SECURED BY VEHICLES (CAR CREDITORS):

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|---|---|---|---|---|---|
| Regional Fin | 2007 Cadillac DTS (approx. 146,2 | $7,235.00 | $4,250.00 | 1.25% | $53.13 |
| Regional Fin | 2006 Suzuki | $6,198.00 | $8,000.00 | 1.25% | $100.00 |

Total Adequate Protection Payments for Creditors Secured by Vehicles: **$153.13**

### CURRENT POST-PETITION MORTGAGE PAYMENTS (CONDUIT):

| Name | Collateral | Start Date | Scheduled Amount | Value of Collateral | Payment Amount |
|---|---|---|---|---|---|

Payments for Current Post-Petition Mortgage Payments (Conduit): **$0.00**

01/23/2019 10:32:47am

Case No:  18-45037-ELM-13
Debtor(s):  Kenneth Earl McKinney, Sr.
           Kendra Nacole McKinney

## CREDITORS SECURED BY COLLATERAL OTHER THAN A VEHICLE:

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|------|-----------|------------------|---------------------|-------------------------------|-----------------------------------|
| | Total Adequate Protection Payments for Creditors Secured by Collateral other than a vehicle: | | | | $0.00 |

### TOTAL PRE-CONFIRMATION PAYMENTS

**First Month Disbursement (after payment of Clerk's Filing Fee, any Noticing Fee, Chapter 13 Trustee Percentage Fee, and retention of the Account Balance Reserve):**

| | |
|---|---|
| Current Post-Petition Mortgage Payments (Conduit payments), per mo: | $0.00 |
| Adequate Protection to Creditors Secured by Vehicles ("Car Creditor"), per mo: | $130.60 |
| Debtor's Attorney, per mo: | $798.50 |
| Adequate Protection to Creditors Secured by other than a Vehicle, per mo: | $0.00 |

**Disbursements starting month 2 (after payment of Clerk's Filing Fee, any Noticing Fee, Chapter 13 Trustee Percentage Fee, and retention of the Account Balance Reserve):**

| | |
|---|---|
| Current Post-Petition Mortgage Payments (Conduit payments), per mo: | $0.00 |
| Adequate Protection to Creditors Secured by Vehicles ("Car Creditor"), per mo: | $130.60 |
| Debtor's Attorney, per mo: | $876.50 |
| Adequate Protection to Creditors Secured by other than a Vehicle, per mo: | $0.00 |

**Order of Payment:**

Unless otherwise ordered by the court, all claims and other disbursements made by the Chapter 13 Trustee prior to entry of an order confirming the Chapter 13 Plan will be paid in the order set out above.  All disbursements which are in a specified monthly amount are referred to as "per mo".  At the time of any disbursement, if there are insufficient funds on hand to pay any per mo payment in full, claimant(s) with a higher level of payment shall be paid any unpaid balance owed on the per mo payment plus the current per mo payment owed to that same claimant, in full, before any disbursement to a claimant with a lower level of payment.  Other than the Current Post-Petition Mortgage Payments, the principal balance owing upon confirmation of the Plan on the allowed secured claim shall be reduced by the total of adequate protection payments, less any interest (if applicable), paid to the creditor by the Trustee.

DATED:   **1/23/2019**

**/s/ Vince M. Vela**
Attorney for Debtor(s)

*Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas - (210) 561-5300.*